04-1793-CBS

<u>AFFIDAVIT</u>

I, Stephanie Schafer, being duly sworn, hereby depose and state as follows:

1. I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed for approximately four and a half years. Prior to joining ATF I received a Bachelor's Degree in both Political Science and German, Magna Cum Laude, from Allegheny College and a Master's Degree in Criminal Justice from Northeastern University.

2. I currently am assigned to Boston Group IV, which investigates firearms related activities in the eastern portion of Massachusetts. As a result of my participation in firearms investigations and the training I have received as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of 18 U.S.C. 922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm or ammunition affecting interstate commerce. The opinions that I have formed and set forth in this affidavit are based upon my experience, consultation with other experienced investigators and agents, and other sources of information relative to firearms and narcotics investigations.

3. I make this affidavit in support of an application for a complaint and arrest warrant for Dwayne BRANCO, for

1

violating Title 18, United States Code, Section 922(g)(1)(Felon in possession of a firearm). I have not included each and every fact known to me and other law enforcement officers with regard to this investigation. Rather, I have included only those facts necessary to establish probable cause for issuance of a complaint.

## Background of Investigation

4. On July 29, 2003 a reliable confidential witness ("CW") placed a telephone call to BRANCO in the presence of ATF Special Agent Brendan Hickey. During the conversation, the CW agreed to meet BRANCO to purchase the .380 caliber pistol that BRANCO previously had shown to the CW and told the CW he would sell for $300. The CW and the CW's vehicle were searched, and then the CW was outfitted with electronic monitoring and recording equipment. The CW was provided with $300 in U.S. currency and followed to 164 Summit Street, New Bedford, Massachusetts, the alleged residence of BRANCO's girlfriend. BRANCO was observed leaving the residence and entering the CW's vehicle. The CW's vehicle was followed to a parking lot in the vicinity of 136 Chestnut Street, New Bedford, Massachusetts, at which point BRANCO exited the vehicle and walked towards 136 Chestnut Street. A short while later, BRANCO returned to the CW's vehicle and handed the CW a .380 caliber pistol, which the CW later identified as the firearm BRANCO had shown the CW several days earlier. The CW examined the gun, holding the gun up above the dashboard for

agents in the same parking lot to capture on videotape, and then gave BRANCO $300. BRANCO exited the vehicle on foot and the CW was followed back to a previously determined meeting location. The CW was debriefed, and turned over to Special Agent Brendan Hickey a Colt Government Model First Edition .380 caliber pistol, serial number 380FES0013.

5. I have checked the records maintained by the Massachusetts Criminal History Systems Board ("CHSB") regarding Dwayne BRANCO DOB: 5/29/73, and learned that BRANCO was convicted of assault and battery with a dangerous weapon in the New Bedford District Court in 1997 and was also convicted of malicious damage to property in excess of $250 in the New Bedford District Court on July 17, 2001. I know from my training and experience that both of these offenses are felonies under Massachusetts law and that each carries a maximum penalty in excess of one year. On February 26, 2004, I checked with the Massachusetts Governor's Council, which verified that BRANCO has neither applied for nor received a Governor's pardon for his conviction.

6. On February 20, 2004, Special Agent Hickey interviewed BRANCO at the New Bedford Police Department in New Bedford, Massachusetts. Special Agent Hickey identified himself, told Branco that he was not going to be arrested at that time, and that he was free to leave if he chose not to speak to Special Agent Hickey. Branco agreed to speak to Special Agent Hickey. He was shown the ATF video surveillance tape of the firearm sale

he had made to the CW on July 29, 2003. After watching the tape, Branco admitted that it was him selling the gun.

7. On February 27, 2004 ATF Special Agent Angelo Thurman determined that the above-described firearm was manufactured outside the Commonwealth of Massachusetts.

8. On March 1, 2004 the above-described firearm was test-fired successfully by the Boston Police Department Ballistics Unit.

## Conclusion

9. Based on the above information, there is probable cause to believe that Dwayne BRANCO has violated Title 18, United States Code, Section 922(g)(1) (Felon in possession of a firearm).

STEPHANIE SCHAFER
Special Agent, Bureau of
Alcohol, Tobacco, Firearms and
Explosives

Sworn and subscribed to before me on this 22nd day of June, 2004.

CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE

4